**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD MASTERMAN**,<br><br>        **Petitioner**,<br><br>    v.<br><br>**Unites States of America**,<br><br>        **Respondent.** | **1:96-cr-05306-OWW**<br><br>**ORDER DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. 32)** |

**I. <u>INTRODUCTION</u>.**

Richard Masterman ("Petitioner") is proceeding with motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of felony armed bank robbery and one count of possession of a firearm during commission of a crime on February 4, 2007. (Doc. 32). Petitioner filed the instant motion on April 8, 2004. (Doc. 32).

Respondent filed a motion to dismiss Petitioner's motion on July 14, 2004. (Doc. 37). Petitioner filed opposition to Respondent's motion to dismiss ("Opposition") on March 4, 2005. (Doc. 38).

On September 28, 2010, the court issued an order requiring Respondent to submit an update regarding Petitioner's custody status. (Doc. 44). Respondent advised the court that Petitioner

**1**

completed his term of supervised release on November 9, 2008 and is no longer in the custody of the Bureau of Prisons.  (Doc. 45, Ex. A).  Respondent further advised that Petitioner is currently under the supervision of the Department of Homeland Security, which is seeking to deport him to his native El Salvador for alleged illegal immigration status. (Id.).

## **II.  LEGAL STANDARD**.

A person convicted of a crime in federal court may move to vacate the conviction pursuant to 28 U.S.C. § 2255.  Because there is a presumption that a felony conviction carries collateral consequences, a convicted person's completion of their sentence does not render a motion under section 2255 moot.  *See, e.g.*, *Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir. 1990).

Section 2255(f) provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

///

**2**

### III.  **DISCUSSION**.

Petitioner filed the instant motion on April 8, 2004, over seven years after his conviction became final. Petitioner concedes that the statute of limitations on his claim began to run on October 15, 1997, but contends that his petition is not time-barred because he is entitled to equitable tolling. (Opposition at 5-6).

Plaintiff contends that his counsel's ineffective assistance constitutes an extraordinary circumstance beyond his control that justifies equitable tolling. (Opposition at 9). Petitioner argues that his counsel was ineffective because he (1) failed to file a motion to suppress certain evidence; (2) failed to engage in meaningul plea negotiations; (3) failed to present mitigating factors at sentencing and during plea negotiations; (4) failed to raise any mental capacity or intoxication defense; (5) failed to investigate the case; (6) failed to research the law concerning immigration consequences of his conviction; and (7) failed to advise Petitioner of post-conviction remedies. (Opposition at 9-10).

Petitioner's claim of ineffective assistance of counsel is insufficient to allege an extraordinary circumstance sufficient to justify equitable tolling. None of the claimed errors implicate Petitioner's ability to have filed a timely motion under section 2255 motion. Further, in the Ninth Circuit, it is settled that "ineffective assistance of counsel caused by an attorney's negligence or mistake is not considered an extraordinary circumstance for the purposes of equitable tolling." *Byers v. United States*, 561 F.3d 832, 837 (9th Cir. 2009).

///

**3**

The only claim advanced by Plaintiff that is not conclusively time-barred is Plaintiff's claim regarding counsel's failure to advise Petitioner of the immigration consequences of his conviction. On March 31, 2010, the Supreme Court declared in *Padilla v. Kentucky,* 130 S.Ct. 1473, 1486 (2010) that defense counsel's failure to advise a client that a plea carries a risk of deportation constitutes ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. Pursuant to section 2255(f)(3), a petitioner has one year from the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Whether *Padilla* applies retroactively to collateral challenges remains an open question. *See United States v. Obonaga,* 2010 U.S. Dist. LEXIS 63872\* 3 (E.D. N.Y. 2010) (noting uncertainty and assuming *arguendo* retroactivity for purpose of resolving habeas petition); *Al Kokabani v. United States*, 2010 U.S. Dist. LEXIS 107574 \* 9 (E.D. N.C. 2010) (same)*; see also United States v. Hubenig*, 2010 U.S. Dist. LEXIS 80179 \* 13-21 (E.D. Cal. 2010) (concluding after careful and well-reasoned analysis that *Padilla* applies retroactively). Assuming *arguendo* that *Padilla* applies retroactively and thus that Petitioner's claim is timely under section 2255(f)(3), Petitioner's claim lacks merit.

Petitioner contends that his counsel was ineffective because counsel erroneously stated that Petitioner would be eligible for discretionary relief from deportation under section 212(c) of the Immigration Act. (Opposition at 5-6). Petitioner avers that

**4**

counsel's advise was incorrect because the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996 repealed section 212(c). (Id.).

The IIRIRA did not come into effect until April 2007, after Plaintiff entered his plea. *E.g. Kucana v. Holder*, 130 S. Ct. 827, 841 n.1 (2010) (Alito, J. Concurring). Accordingly, the IIRA's repeal of former section 212(c) does not apply to Petitioner. *INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (superceded by statute on other grounds)("We therefore hold that § 212(c) relief remains available for aliens...whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect"). Petitioner's motion is DENIED.

**ORDER**

For the reasons stated, Petitioner's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

**Dated:   October 27, 2010**            /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE